THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Lawreen Donna
 McNeil, Appellant.
 
 
 

Appeal From Greenville County
 Steven H. John, Circuit Court Judge
Unpublished Opinion No. 2008-UP-704
Submitted December 1, 2008  Filed
 December 15, 2008    
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Christina J. Catoe, all of Columbia; and Solicitor Robert
 Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM: 
 Lawreen Donna McNeil appeals her conviction for trafficking marijuana and argues the trial court erred in admitting
 drugs seized from her car into evidence. 
 We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  State v.
 Williams, 351 S.C. 591, 598, 571 S.E.2d 703, 707 (Ct. App. 2002) (stating when
 probable cause exists to believe a traffic violation has occurred, the decision
 to stop the automobile is reasonable per se); State v. Pichardo, 367
 S.C. 84, 97-98, 623 S.E.2d 840, 847 (Ct. App. 2005) (holding the police may
 stop and briefly detain a vehicle if they have a reasonable suspicion the
 occupants are involved in criminal activity); U.S. v. Place, 462 U.S. 696,
 706-07 (1983) (holding an examination by a trained narcotics dog is not a
 search and seizure but is considered a minor intrusion); Illinois v.
 Caballes, 543 U.S. 405 (2005) (holding once a drug dog alerts an officer of
 possible contraband, probable cause exists to search the car); State v.
 Weaver, 374 S.C. 313, 320, 649 S.E.2d 479, 482 (2007) (Pursuant to the
 automobile exception, if there is probable cause to search a vehicle, a warrant
 is not necessary so long as the search is based on facts that would justify the
 issuance of a warrant, even though a warrant has not been actually obtained.). 
  
AFFIRMED.
WILLIAMS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.